IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGELITO C. MERCADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. _1:19-cv-04208-JMS-DLP |
| | ) | |
| PEOPLEREADY STAFFING AGENCY, | ) | |
| TESSA WETHERALD, AND | ) | |
| SHAMRA TERRY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, PeopleReady, Inc. ("PeopleReady"),[1] Tessa Wetherald, and Shamra Terry,

by counsel, for their Answer to Plaintiff's Complaint state as follows:

## PARTIES

**Allegation No. 1:**     Plaintiff Angelito C. Mercado is a citizen of Indiana and resides at the

Bartholomew County Jail, 543 2nd, Columbus, Ind. 47201.

**ANSWER:  Defendants are without sufficient information to admit or deny the allegations**

**of rhetorical allegation 1.**

**Allegation No. 2:**     Defendants Tessa Wetherald and Shamra Terry are employed by People

Ready Staffing Agency at 236 Chestnut Street, Columbus, Ind. 47201.

**ANSWER:  Defendants admit that Tessa Wetherald and Shamra Terry are employed by**

**PeopleReady, and work at the 236 Chestnut Street, Columbus, Indiana.**

---

[1] Incorrectly named as PeopleReady Staffing Agency.

## STATEMENT OF CLAIM

**Allegation No. 3:**      The Plaintiff brings this suit against the named Defendants for violation of his civil rights and violation of state and federal law.

**ANSWER:     Defendants admit that Plaintiff alleges claims against the Defendants, but deny that they violated the law in any way, and deny that Plaintiff is entitled to any judgment or relief.  Defendants deny any remaining allegations of Rhetorical paragraph 3 of Plaintiff's Complaint.**

**Allegation No. 4:**      The Plaintiff was hired May 8th 2019 to perform a job in Bloomington, Indiana.

**ANSWER:     Defendants admit that PeopleReady placed plaintiff at an assignment on May 9, 2019, to work as a temporary worker at one of PeopleReady's customers. Except as so admitted, Defendants deny the allegations.**

**Allegation No. 5:**      The Plaintiff was told by Tessa Wetherald and Shamra Terry that he would receive $40.00 a day travel fee.

**ANSWER:     Defendants admit that PeopleReady  believed that all temporary workers assigned to PeopleReady customer, Cummins, would receive a $40.00 travel fee.    Except as so admitted, Defendants deny the allegations.**

**Allegation No. 6:**      After the second day of labor the Plaintiff was told by People Ready staff that corporate made a mistake and would not be paying the travel fee.  This act amounts to "breach of contract, fraudulent misrepresentation and a violation of the fair labor standards act. The named Defendants failed to maintain proper records of hours, wages, or other wage items kept in a business practice.

**ANSWER:     Defendants deny the allegations of rhetorical allegation 6.**

**Allegation No. 7:**     The Plaintiff finished his assignment and refused anymore assignments from People Ready.

**ANSWER:    Defendants deny the allegations of rhetorical allegation 7.**

**Allegation No. 8:**     On or about June 12 the Plaintiff was contacted by Tessa Wetherald to take another job assignment.  At this time the Plaintiff was hired on full time as head cook at Holiday Inn and the Plaintiff explained to Mrs. Wetherald that he would only quit his job to work for People Ready if the pay was greater than the pay and benefits the Plaintiff received at Holiday Inn.

**ANSWER:    Defendants deny that Plaintiff was offered full time employment at PeopleReady.  PeopleReady offers workers temporary work assignments at PeopleReady customers who needed staff.  PeopleReady does not have control over the hourly wages that its customers offer.  Defendants are without information sufficient to either admit or deny whether Plaintiff quit other employment to accept temporary work assignments through PeopleReady, and therefore denies the same.  Except as so admitted, Defendants deny the allegations.**

**Allegation No. 9:**     Tessa Wetherald and Shamra Terry promised the Plaintiff $13.00 an hour at Cummins and the Plaintiff quit his job at Holiday Inn and started the Cummins job. Before the start of the job the Plaintiff along with 4 other referrals had to apply online for the Cummins position.

**ANSWER:    Defendants deny that they promised Plaintiff a particular wage.  Defendants admit that Defendants are without information sufficient to either admit or deny whether Plaintiff quit other employment to accept temporary work assignments through PeopleReady, and therefore denies the same.**

**Allegation No. 10:**     Tessa Wetherald and Shamra Terry ordered the Plaintiff and his 4 referrals to lie about the criminal background on the application process and Ms. Wetherald bypassed drug screens for all 5 individuals to be able to place them at the Cummins plant in Walesborrow. The first 2 weeks of employment the Plaintiff failed to receive his pays stubs and when he finally did he noticed the hourly pay was only $12.00.

**ANSWER:     Defendants deny that Tessa Wetherald and Shamra Terry ordered Plaintiff to lie about his criminal background.  Defendants deny that Ms. Wetherald bypassed drug screens.  Defendants admit that Plaintiff's hourly rate was later changed to $13 per hour.**

**Allegation No. 11:**     The Plaintiff complained to his supervisor at Cummins James Batiz who then informed his superiors of what People Ready was doing.

**ANSWER:     Defendants are without sufficient information to admit or deny what Plaintiff said to James Batiz, or what Mr. Batiz said to Cummins.**

**Allegation No. 12:**     The Plaintiff complained to People Ready and after a week of complaints the Plaintiff was credited with 49 hours at $13.00 instead of $12.00 but the Plaintiffs first check for 24 hours was only given at $12.00 an hour.

**ANSWER:     Defendants admit that PeopleReady paid Plaintiff an additional lump sum of $50.00 to account for the change to his rate of pay.  Defendants state by way of further Answer that PeopleReady has corrected Plaintiff's pay error.**

**Allegation No. 13:**     The Plaintiff again complained and staff at People Ready told the Plaintiff for his first 24 hours he was only making $12.00 an hour and had only gotten a raise of a $1.00 on his second week so he would not be compensated.

**ANSWER:     Defendants deny the allegations of rhetorical allegation 13. Defendants state by way of further Answer that PeopleReady has corrected Plaintiff's pay error.**

**Allegation No. 14:**     Tessa Wetherald and Shamra Terry told the Plaintiff not to discuss his hourly pay with the supervisor James Batis any longer and Tessa Wetherald texted Supervisor Batiz and told him to stop discussing hourly pay with their employees and made threats to Supervisor Batix that she "knew people."

**ANSWER:     Defendants admit that PeopleReady told Plaintiff that Plaintiff should bring any concerns about his wages to PeopleReady, his employer.  Defendants deny the remaining allegations of rhetorical allegation 14.**

**Allegation No. 15:**     People Ready as an agency is responsible for joint employment and has functional control over its employees and workers and is liable for damages to the Plaintiff because of its employees Mrs. Wetherald and Ms. Terry who violated state and federal law and the Plaintiff's civil right.

**ANSWER:     Defendants admit that PeopleReady was Plaintiff's employer.  Defendants deny the remaining allegations of rhetorical allegation 15.**

**Allegation No. 16:**     Lying to the Plaintiff about his hourly pay and causing him to quit a job based on information that was not true amounts to breach of contract, fraudulent misrepresentation, promissory estoppel and a violation of federal law fair standard labor act.

**ANSWER:     Defendants deny the allegations of rhetorical allegation 16.**

**Allegation No. 17:**     Telling the Plaintiff not to discuss hourly pay and punishing the Plaintiff by not giving him anymore assignments is a violation of the National Labor Relations Act.

**ANSWER:     Defendants deny the allegations of rhetorical allegation 17.**

**Allegation No. 18:**     Having the Plaintiff lie about his background and bypass his drug screen to place him in employment he is not otherwise eligible is a violation of both state and federal

law and amounts to fraud, deliberate indifference, violation of fair labor standards act and a violation of equal protection law.

**ANSWER:     Defendants deny the allegations of rhetorical allegation 18.**

**Allegation No. 19:**     The Plaintiff is owed for unpaid wages plus liquidation and interest and also for damages due to injury and the violation of the Plaintiff's civil rights.

**ANSWER:     Defendants deny the allegations of rhetorical allegation 19.**

**Allegation No. 20:**     The Plaintiff charges all named defendants with Count 1 Violation of fair labor standards act, Count 2 violation of national labor relations act, Count 3 violation of equal protection law, Count 4 deliberate indifference, Count 5 breach of contract, Count 6 negligent misrepresentation, Count 7 promissory estoppel, Count 8 intentional infliction of emotional distress.

**ANSWER:     Defendants admit that Plaintiff attempts to state claims under the Fair Labor Standards Act, the National Labor Relations Act, equal protection, deliberate indifference, breach of contract, negligent misrepresentation, promissory estoppel, and intentional infliction of emotional distress.  Defendants deny that they violated any of these alleged statutes/legal theories.**

**Allegation No. 21:**     All claims causing injury by loss of liberty, emotional distress and mental anguish.

**ANSWER:     Allegation 21 is not clear, and Defendants thus deny same.  Defendants further deny that Plaintiff experienced a loss of liberty, emotional distress, or mental anguish caused by any illegal conduct by Defendants.**

Defendants deny each and every allegation that they did not explicitly admit herein, including that Plaintiff is entitled to any of the relief or the judgment requested in his Complaint, or any other relief whatsoever.

## DEFENDANTS' AFFIRMATIVE DEFENSES:

As and for their affirmative defenses to all causes of action purported to be set forth against them in the Complaint herein, Defendants allege as follows:

1. To the extent Plaintiff failed to exhaust his administrative remedies, Plaintiff's claim fails.

2. To the extent Plaintiff has failed to mitigate his damages, his claims are barred and/or reduced.

3. The Complaint fails to state a claim for liquidated damages.

4. The Complaint fails to state a claim for punitive damages.

5. Plaintiff's claims are barred or reduced, to the extent applicable, in whole or in part, in accordance with collateral source statute and/or legal or equitable principles of payment, accord and satisfaction, set-off and the rules behind windfalls and double recovery.

7. Plaintiff is estopped from pursuing the claims in the Complaint by reason of the Plaintiff's own contributory negligence, actions, and course of conduct.

8. To the extent that any of the alleged wrongs alleged in the Complaint were committed by a non-party, any and all such claims are barred against the Defendant in their entirety.

10. To the extent Plaintiff failed to file an administrative charge or complaint with an appropriate administrative agency, his allegations or claims are barred.

11.     Plaintiff may be barred, in whole or in part, from recovery of damages as alleged in the Complaint by the after-acquired evidence doctrine.

12.     To the extent that an Answer or Response may be required which is not set forth herein, Defendants deny any allegations contained in Plaintiff's Complaint that are not expressly admitted herein.

13.     Defendants, at all times relevant to this action, have acted in good faith toward Plaintiff and acted in compliance with all applicable laws.

14.     Plaintiff is barred from recovering a remedy to the extent that Plaintiff engaged in misconduct, violation of company policies, or other conduct that would have resulted in his termination by, or would have precluded him from obtaining employment with Defendants had Defendant discovered such conduct.

15.     Plaintiff's Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, liquidated, punitive, or other damages against Defendants.

16.     Plaintiff's claims are barred in whole or in part to the extent the equitable defenses of laches, waiver, ratification, estoppel, and/or unclean hands apply.

17.     To the extent any alleged conduct was committed by Defendants' agents (which Defendants deny), said conduct was outside the scope of the agent's authority and contrary to Defendants' good faith efforts to comply with state and/or federal law.

18.     Defendants at all times acted in good faith to comply with the FLSA and state wage-and-hour laws and with reasonable grounds to believe that their actions did not violate the FLSA and/or state wage-and-hour laws, and Defendants assert a lack of willfulness or intent to

violate the FLSA and/or state wage-and-hour laws as a defense to any claim by Plaintiff for liquidated damages pursuant to 29 U.S.C. §§ 259 and 260.

19.     Plaintiff's claims are barred, in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent their actions were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

20.     Even assuming, arguendo, that Defendants have in fact failed to properly pay Plaintiff as alleged in Plaintiff's Complaint (which Defendants deny) such activities do not constitute compensable work under the FLSA or under state wage-and-hour laws, and furthermore, such activities were not an integral and indispensable part of Plaintiff's principal activities of employment and are therefore not compensable.

21.     Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, to the extent any hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities or incidental to them.

22.     Plaintiff's claims are barred, in whole or in part, to the extent the alleged work is covered by the doctrine of de minimis non curat lex.

23.     Defendants have not willfully failed to pay Plaintiff any wages and/or other monies claimed due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

24.     Plaintiff has been paid and/or received all wages and all other compensation due to him. All or portions of the claims set forth in the Complaint are barred because Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

25.     Plaintiff is not entitled to an award of prejudgment interest if he prevails on any or all of the stated claims in the Complaint.

26.     Defendants are entitled to offset any and all damage amounts recovered by Plaintiff by an amount equal to any overpayment of wages or compensation, if any.

27.     Plaintiff's claims are barred to the extent the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA, including Section 7(i). 29 U.S.C. §§ 207, 213.

28.     To the extent Plaintiff's claims exceed the applicable statute of limitations, they are barred.

29.     All Defendants' decisions about Plaintiff were made for legitimate, sufficient, legal, and business reasons.

30.     Plaintiff fails to state a claim upon which relief can be granted for an equal protection claim, because, but not limited to the fact that Defendants are not state actors.

31.     Plaintiff fails to state a claim upon which relief can be granted because, but not limited to the fact that the claims are vague.

33.     Plaintiff's claims for damages (and certain categories of damages, and the amounts thereof recoverable) are limited by the applicable limit(s) on statutory damages.

34.     Plaintiff's claims for damages are barred because any recovery from Defendant would result in a Plaintiff's unjust enrichment.

35.     The Complaint fails to state a claim upon which relief can be granted for deliberate indifference.

36.     Plaintiff suffered no injury or damages as a result of any acts or omissions by Defendants.

37.     Defendants' actions were appropriate under the circumstances and based upon a reasonable good-faith belief that they were justified under the law.

38.     Plaintiff's claims are barred, in whole or in part, by the Prisoner Litigation Reform Act.

39.     The Complaint fails to state a claim upon which relief can be granted for breach of contract.

40.     The Complaint fails to state a claim upon which relief can be granted for negligent misrepresentation.

41.     The Complaint fails to state a claim upon which relief can be granted for promissory estoppel.

42.     The Complaint fails to state a claim upon which relief can be granted for intentional infliction of emotional distress.

43.     Pending the conclusion of further discovery and investigation, Defendants respectfully reserve the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

WHEREFORE, Defendants pray for relief as follows:

a.      Plaintiff take nothing by way of his Complaint;

b.      That judgment be entered in favor of Defendants;

c.      That Defendants recover their costs and expenses incurred herein,
including reasonable attorneys' fees; and

d.      For such other and further relief as the Court deems just and equitable.

KIGHTLINGER & GRAY, LLP

By:    *s/ Marcia A. Mahony*
Marcia A. Mahony, ID No. 18779-49
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October, 2019, the foregoing was served upon the following via Regular Mail, postage prepaid, as follows:

Angelito C. Mercado
Bartholomew County Jail
543 2nd Street
Columbus, IN 47201

*/s/Marcia A. Mahony*
Marcia A. Mahony

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 N. Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
mmahony@k-glaw.com

190764\5714002-1